**Steven Eugene REED, Plaintiff–Appellant,**

v.

**UNITED STATES BANK NATIONAL ASSOC.; et al., Defendants–Appellees.**

No. 05–36174.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 15, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven Eugene Reed, Acton, CA, for Plaintiff–Appellant.

Aaron C. Charrier, Esq., Hawley Troxell Ennis & Hawley, Boise, ID, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Steven Eugene Reed appeals pro se from the district court's order rescinding the registration of an alleged judgment of the Pembina Nation Little Shell Band Federal Tribal Circuit Court ("Pembina court"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to recognize a foreign judgment, and we review de novo any underlying questions of law. *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1140 (9th Cir.2001). We affirm.

The district court did not abuse its discretion in declining to recognize the Pembina court judgment because the Pembina Nation Little Shell Band is not a federally recognized tribe, and Reed offered no valid basis for concluding the Pembina court had jurisdiction over the underlying dispute. *See Strate v. A–1 Contractors*, 520 U.S. 438, 445, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997) ("[A]bsent express authorization by federal statute or treaty, tribal jurisdiction over the conduct of nonmembers exists only in limited circumstances."); *Smith v. Salish Kootenai College*, 434 F.3d 1127, 1130–32 (9th Cir.2006) (en banc) (reviewing Supreme Court precedents concerning jurisdiction of tribal courts).

Reed's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

